JILL P. TELFER, State Bar No. 145450
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, California 95814
Telephone:     (916) 446-1916
Facsimile:     (916) 446-1726
E-mail:        jtelfer@telferlaw.com

Attorneys for Plaintiff
**JAMES DENTON**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DENTON,<br><br>       Plaintiff,<br><br>       v.<br><br>JENSEN ENTERPRISES, INC., dba JENSEN PRECAST, and DOES 1 through 20, inclusive,<br><br>       Defendants. | Case No.<br><br>**COMPLAINT FOR EMPLOYMENT RETALIATION, DISCRIMINATION AND RELATED CLAIMS** |

COMES NOW Plaintiff James Denton, and alleges as follows:

# I.

# **PARTIES**

1.     Plaintiff James Denton ("Denton") is a former employee of Defendant Jensen Enterprises, Inc., dba Jensen Precast ("Jensen"). He began working for Defendant Jensen in 2003 as a Laborer and through hard work and dedication, he progressed and ultimately became an Operations Manager for the Raley's Plant in Sacramento. On October 31, 2019, Jensen terminated Denton because he previously reported gender discrimination and participated in an internal EEO investigation, in addition Jensen was substantially motivated by Denton's perceived medical condition, disability and use of protected leave when it took adverse actions against him.

///

2. Jensen is among the largest independently owned precast concrete companies in the United States. The company designs and manufactures standard and custom precast concrete products to meet large-scale infrastructure demands for highway construction, retaining walls, electric and gas utility, telecommunications, water, on-site wastewater, and sewage applications. The Company was founded by Don Jensen in 1968. However, son Eric Jensen took over the business four years ago taking it into a different direction.

## JURISDICTION AND VENUE

3. Jurisdiction is based on the diversity of the parties pursuant to 28 U.S.C. § 1332(a) and 1441(b). Jensen is a corporation headquartered in Nevada. The Court may invoke pendent jurisdiction over Plaintiff's claims based on 28 U.S.C. § 1367. Venue is proper under 28 U.S.1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred within the territorial boundaries of this judicial district.

4. This action is for damages and equitable relief and is brought pursuant to California Gov. Code § 12920 et seq. and California common law.

5. The true names and capacities of the Defendants named herein as Does 1 through 20, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sue such Defendants by fictitious names. Plaintiff is informed and believes that the Doe Defendants are responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries were proximately caused by the aforesaid Defendants. Plaintiff will amend this complaint to show such true names and capacities when they have been determined.

6. Plaintiff is informed and believes, and thereby alleges that each of the Defendants herein was at all times relevant hereto the agent, employee or representative and/or joint venture of the remaining Defendants, and was acting at least in part within the course and scope of such relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

7. Plaintiff alleges on information and belief that, at all times relevant herein, Defendants, and each of them, have actively participated in the retaliation and/or discrimination

against Plaintiff because of his protected activities and perceived medical condition and disability, request for family medical leave, and/or have failed to intervene or otherwise prevent said retaliation and discrimination despite their knowledge of the illegal activity.

8. In late 2018, Denton reported to Corporate Human Resources ("HR") the discrimination against his wife, Janel Denton by HR Representative Michael Bedard and Regional Operations Manager Mark Vioselle. Denton thereafter participated in the internal EEO investigation, which found there had been violations of the company's policies.

9. Thereafter, Jensen pressured Denton to sign an Employment Arbitration agreement, asking him to waive his right to a trial by a jury of his peers "should" a dispute arise between him and Jensen. Jensen took adverse acts against Denton including denying him reasonable accommodation, demoting him, denying him promotion to Regional Operations Manager although he was more qualified than the successful candidate Chris Woolson, culminating in Denton's termination.

10. Plaintiff filed an administrative charge with the Department of Fair Employment and Housing ("DFEH"). He received a notice of the right to sue on July 31, 2020.

## FIRST CAUSE OF ACTION

**Retaliation Under Cal. Gov. Code § 12940 et seq.**

**Against All Defendants**

11. Plaintiff incorporates by reference paragraphs 1 through 10 as though set forth fully herein.

12. Plaintiff engaged in the protected activity of reporting the gender discrimination of Janel Denton who had been an employee with Defendants for over 20 years, opposing the discrimination and participating in the EEO investigation after Janel Denton's forced separation in late 2018. He also requested reasonable accommodation in 2018 and 2019 for his Achille's injury and his tumor condition that required surgery.

13. As a result of his reporting and opposing discrimination, participating in the investigation, and requesting reasonable accommodation, Defendants retaliated against Denton by

COMPLAINT FOR EMPLOYMENT RETALIATION, DISCRIMINATION AND RELATED CLAIMS

demoting him, denying him promotion, refusing to reasonably accommodate him, setting him up to fail and ultimately terminating him.

14. As a direct and foreseeable and proximate result of Defendants' retaliatory acts, Denton has suffered and continues to suffer a substantial loss in earnings and job benefits, and has suffered, and continues to suffer, humiliation, embarrassment, mental and emotional distress and discomfort, all to Plaintiff's damage in the amount according to proof at trial.

15. As a direct and proximate result of the conduct of Defendants and each of them, Plaintiff has incurred and will continue to incur special damages including, but not necessarily limited to lost wages and salary, lost benefits, lost future earnings and benefits, medical costs and expenses all in an amount to be determined according to proof at trial.

16. The Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Denton, for an improper and evil motive amounting to malice and with a reckless and conscious disregard of Denton's rights. All actions of the Defendant's employees, and each of them, their agents, herein alleged were known, ratified and approved by the managing agents and officers of Defendants, and each of them. Denton thus is entitled to recover punitive and exemplary damages from the Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at the time of trial.

## SECOND CAUSE OF ACTION

**(Discrimination Based on Perceived Medical Condition)**
**Cal. Gov. Code § 12940 et seq.**

17. Plaintiff incorporates by reference paragraphs 1 through 16 as though set forth fully herein.

18. Plaintiff was at all times material hereto an employee covered under California Government Code §12940 prohibiting discrimination in employment on the basis of perceived medical condition and disability.

///

///

19. Defendant was and is at all times material hereto an employer within the meaning of California Government Code section 12926, subdivision (c), and, as such, barred from discriminating in employment decisions on the basis of disability or perceived disability.

20. Denton informed Jensen that his doctor found a tumor on Denton's spine which could be cancerous, resulting in the need for further medical treatment and monitoring.

21. Defendants have discriminated against Plaintiff on the basis of his perceived cancer diagnosis and his tumor condition in violation of California Government Code section 12940. In particular, Defendants terminated Denton, denied him promotion and in fact, demoted him. Further, Defendants failed to engage in an interactive process and/or reasonably accommodate Plaintiff because of his disability and perceived medical condition.

22. As a proximate result of Defendants' discrimination against Plaintiff, Plaintiff has suffered and continue to suffer losses incurred in earnings, deferred compensation and other employment benefits and awards and has suffered and continues to suffer embarrassment, humiliation and mental anguish, all to their damage in an amount according to proof.

23. As a result of the aforementioned conduct alleged herein, Plaintiff has suffered, and continues to suffer, humiliation, anxiety, mental anguish, emotional distress, wage loss and loss of earning capacity.

24. The Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Denton, for an improper and evil motive amounting to malice and with a reckless and conscious disregard of Denton's rights. All actions of the Defendant's employees, and each of them, their agents, herein alleged were known, ratified and approved by the managing agents and officers of Defendants, and each of them. Denton thus is entitled to recover punitive and exemplary damages from the Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at the time of trial.

///

///

///

## THIRD CAUSE OF ACTION

**Disability Discrimination - Failure to Accommodate**
**(Violation of the Fair Employment & Housing Act)**

25. Plaintiff incorporates by reference paragraphs 1 through 24 as though set forth fully herein.

26. Beginning on or around June 2019, Plaintiff made a request for reasonable accommodation informing Jensen of his need for medical leave and support. Plaintiff specifically identified his tumor, possible cancer diagnosis and limitations.  In response. Jensen demoted Denton and told him he needed to return to work.

27. Plaintiff made subsequent requests for return to work help. The actions Defendants were taking against him exacerbated his stress causing anxiety. Defendants never assisted Jensen nor did Defendants provide any support.

28. As a result of the aforementioned conduct alleged herein, Plaintiff has suffered and continues to suffer humiliation, anxiety, mental anguish, emotional distress and lost wages and earning capacity.

29. As a direct and proximate result of the conduct of Defendants and each of them, Plaintiff  has incurred and will continue to incur special damages including, but not necessarily limited to lost wages and salary, lost benefits, lost future earnings and benefits, medical costs and expenses all in an amount to be determined according to proof at trial.

30. The Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Denton, for an improper and evil motive amounting to malice and with a reckless and conscious disregard of Denton's rights. All actions of the Defendant's employees, and each of them, their agents, herein alleged were known, ratified and approved by the managing agents and officers of Defendants, and each of them. Denton thus is entitled to recover punitive and exemplary damages from the Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at the time of trial.

///

## FOURTH CAUSE OF ACTION

**Disability Discrimination - Failure to Engage in a Good Faith Interactive Process**
**(Cal. Gov. Code § 12940(n))**

31.  Plaintiff incorporates by reference paragraphs 1 through 30 as though set forth fully herein.

32.  Defendants were put on notice Denton has tumors that may be cancerous and require surgery. Defendants were put on notice Denton needed help to continue working with some accommodations.

33.  Defendants ignored Plaintiff and failed to engage in a timely and good faith dialogue to determine the extent of his limitations and discuss options with him.

34.  As a proximate result of Defendants willful, intentional and malicious conduct, Plaintiff suffered and continues to suffer extreme mental and emotional distress. Plaintiff therefore is entitled to an award of general damages against all Defendants. In addition, Denton lost wages and benefits in a sum to be presented at the time of trial.

35.  The Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Denton, for an improper and evil motive amounting to malice and with a reckless and conscious disregard of Denton's rights. All actions of the Defendant's employees, and each of them, their agents, herein alleged were known, ratified and approved by the managing agents and officers of Defendants, and each of them. Denton thus is entitled to recover punitive and exemplary damages from the Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at the time of trial.

## FIFTH CAUSE OF ACTION

**Retaliation Under California Family Rights Act)**

36.  Plaintiff incorporates by reference paragraphs 1 through 35 as though set forth fully herein.

///

///

37. Plaintiff was and is at all times herein an employee covered by the California Family Medical Leave Rights Act ("CFRA") in that he worked for Defendant for many years and had worked sufficient hours to qualify for said leave.

38. Plaintiff requested and utilized several leaves under CFRA because of his perceived medical condition and because of his disability.

39. Because Denton used CFRA, Defendants retaliated against him. The retaliation included demoting him, denying him promotion and ultimately terminating him.

40. As a proximate result of Defendants' retaliation for its use, Plaintiff has suffered and continues to suffer substantial losses in earnings, both past and future, and has and continues to suffer embarrassment, humiliation and mental anguish all to his damage in an amount according to proof.

41. As a direct and proximate result of the conduct of Defendants and each of them, Plaintiff has incurred and will incur special damages, including but not necessarily limited to lost wages and salary, lost benefits, lost future earnings and benefits, medical costs and expenses all in an amount to be determined according to proof at trial.

42. As a further direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer general damages, including severe emotional distress. Plaintiff sustained great emotional disturbance, shock and injury to her nervous system, all of which caused and continues to cause Plaintiff severe physical and emotional injury, without limitation in an amount to be determined according to proof at trial.

43. The Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Denton, for an improper and evil motive amounting to malice and with a reckless and conscious disregard of Denton's rights. All actions of the Defendant's employees, and each of them, their agents, herein alleged were known, ratified and approved by the managing agents and officers of Defendants, and each of them. Denton thus is entitled to recover punitive and exemplary damages from the Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at the time of trial.

### SIXTH CLAIM FOR RELIEF

**Violation of Government Code section 12940(k)**
**Failure to Correct**

44. Plaintiff incorporates by reference paragraphs 1 through 43 as though set forth fully herein.

45. Defendants were put on notice of the illegal behavior of the remaining Defendants. Rather than take immediate corrective action as is required under the law, Defendants ignored the illegal behavior and ignored Plaintiff, and in fact took steps to cover up the Defendants illegal actions.

46. As a result, Plaintiff was further discriminated and retaliated against to the point she was terminated.

47. As a direct and proximate result of the conduct of Defendants and each of them, Plaintiff has incurred and will incur special damages, including but not necessarily limited to lost wages and salary, lost stock options and bonuses, lost benefits, lost future earnings and benefits, medical costs and expenses all in an amount to be determined according to proof at trial.

48. As a further, direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer general damages, including severe emotional distress. Plaintiff sustained great emotional disturbance, shock and injury to her nervous system, all of which caused and continue to cause Plaintiff severe physical and emotional injury, without limitation in an amount to be determined according to proof at trial.

49. The Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Denton, for an improper and evil motive amounting to malice and with a reckless and conscious disregard of Denton's rights. All actions of the Defendant's employees, and each of them, their agents, herein alleged were known, ratified and approved by the managing agents and officers of Defendants, and each of them. Denton thus is entitled to recover punitive and exemplary damages from the Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at the time of trial.

### SEVENTH CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**
**(Violation of Government Code §12940)**

50. Plaintiff incorporates by reference paragraphs 1 through 49, inclusive, of this complaint as if fully set forth.

51. Defendants and each of them retaliated and discriminated against plaintiff on the basis of his reporting and opposing gender discrimination, participating in an internal EEO investigation, his perceived medical condition, his disability, his need for reasonable accommodation and use of protected medical leave.

52. In addition, Defendant Jenson retaliated against Denton for refusing to sign an arbitration agreement which would have required him to waive his right a trial by a jury of his peers should a disputed arise between he and Jensen. The agreement was presented to him in July and October of 2019, months before his termination. Said public policy requires employers to not to discriminate against an employee because of their protected class and not retaliate against them for complaining of discrimination, or refusing to sign an employment arbitration agreement.

53. The adverse acts violated public policy, California statutory law including Government Code section 12940 *et seq*., and California common law. Those acts included demotion, denial of promotion and termination.

54. As a direct and foreseeable and proximate result of Defendants' retaliatory and discriminatory acts, Denton has suffered and continues to suffer a substantial loss in earnings and job benefits, and has suffered, and continues to suffer, humiliation, embarrassment, mental and emotional distress and discomfort, all to plaintiff's damage in the amount according to proof at trial.

55. Defendants committed the acts described in the complaint oppressively, fraudulently, and maliciously, entitling plaintiff to an award of punitive damages against defendants in the amount appropriate to punish and make an example of defendants. Plaintiff suffered damages proximately caused by these defendants' wrongful acts according to proof at trial. The Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Denton, for an improper and evil motive amounting to malice and

with a reckless and conscious disregard of Denton's rights. All actions of the Defendant's employees, and each of them, their agents, herein alleged were known, ratified and approved by the managing agents and officers of Defendants, and each of them. Denton thus is entitled to recover punitive and exemplary damages from the Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at the time of trial.

**WHEREFORE**, Plaintiff prays for judgment as specifically set forth below.

### PRAYER FOR RELIEF

1. For compensatory damages, including lost wages and benefits, and emotional damages according to proof;

2. For attorneys' fees and costs;

3. Punitive damages according to proof; and

4. For any and other further relief as the Court considers proper.

**JURY TRIAL DEMANDED.**

Dated: August 3, 2020

LAW OFFICES OF JILL P. TELFER

*/s/ Jill P. Telfer*

JILL P. TELFER
Attorney for Plaintiff,
JAMES DENTON