JILL P. TELFER, State Bar No. 145450
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, California 95814
Telephone:      (916) 446-1916
Facsimile:      (916) 446-1726
E-mail:         jtelfer@telferlaw.com

Attorneys for Plaintiff
**JAMES DENTON**

LEWIS BRISBOIS BISGAARD & SMITH LLP
MARCUS LEE, SB# 281886
E-Mail: Marcus.Lee@lewisbrisbois.com
MANA ETTEFAGH, SB# 304381
E-Mail: Mana.Ettefagh@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant
**JENSEN ENTERPRISES, INC.**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DENTON,<br><br>                Plaintiff,<br><br>        v.<br><br>**JENSEN ENTERPRISES,** INC., dba JENSEN PRECAST, and DOES 1 through 20, inclusive,<br><br>                Defendants, | Case No. 2:20-CV-01555-KJM-KJN<br>**STIPULATED PROTECTIVE ORDER**<br><br>Trial Date: None Set |

### I.    INTRODUCTION

WHEREAS, Plaintiff James Denton (Plaintiff) and Defendant Jensen Enterprises, Inc.,

dba Jensen Precast ("Defendant"), and Plaintiff and Defendant referred to jointly as the "Parties",

in good faith believe that certain discoverable documents and deposition testimony in the above-

1

referenced case contains information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and/or (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

1.     <u>PURPOSES, LIMITATIONS, AND GOOD CAUSE STATEMENT</u>

Disclosure and discovery activity in this action are likely to involve production of private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulate Protective Order.

The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

This action may involve private personnel information regarding non-parties, as well as trade secrets or competitively sensitive confidential and/or proprietary information regarding Defendant's business and operations, including but not limited to, confidential business or financial information; information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties); and proprietary information that would otherwise not generally be available to the public, or which may be privileged or otherwise protected from disclosure under applicable laws.

Accordingly, to expedite the flow of information, facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to address their handling at the end of litigation, and serve the ends of justice, a protective order for such information is justified. It is the intent of the parties

that information will not be designated confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner and there is good cause why it should not be part of the public record in this case.

## II. STIPULATION

1.     Agreement to Be Bound. The Parties stipulate and agree that access to and use of Confidential Information, as defined herein, shall be governed by the provisions of this Stipulated Protective Order and shall apply to all copies, extracts, and summaries of such designated information. The Parties stipulate and agree that, by entering into this Stipulated Protective Order, they are not waiving any privileges or objections to the admissibility or discoverability of information produced hereunder.

2.     Confidential Information Defined. For purposes of this Stipulated Protective Order, "Confidential Information" shall mean information which is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and/or (c) not normally revealed to the public or third parties. Confidential Information may include documents, things, or information produced pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, responses to requests for admissions and interrogatories, deposition testimony, and all other such information that may be disclosed in the course of discovery in this action, and any copies, extracts, compilations, or summaries thereof.

3.     Designation of Confidential Information. Documents or writings which contain Confidential Information shall have the legend "CONFIDENTIAL— SUBJECT TO PROTECTIVE ORDER" affixed to each page that contains Confidential Information at the time the material is disclosed or produced. Testimony given at a deposition or other pretrial proceeding that contains Confidential Information must be identified as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" on the record, before the close of the deposition or hearing. Within 30 calendar days of receipt of the transcript of such deposition or hearing, the designating party must specify those page and line numbers that contain the designated Confidential Information and notify all other parties in writing of such specific designation. Upon being informed of the specific portions of a transcript designated as Confidential Information, each party shall promptly

stamp "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" on each designated page of each transcript copy in their custody or control. If any party intends to publicly file and/or use portions of a transcript for which the 30 day period has not yet expired, the parties shall attempt in good faith to reach agreement on shortening the deadline.

4.      Any party may designate a document as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" upon a good faith determination by a party that the document contains information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and/or (c) not normally revealed to the public or third parties and by stamping or affixing the words "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" on the face of the document. Tangible things other than documents (e.g., audio tapes, products, computer disks, etc.) may be designated by stamping or affixing the designation to the item or its container, as appropriate,

5.      The Parties may designate material as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" after production under the following circumstances:

      a.      Advise the party who received such documents in writing of the new designation;

      b.      The new designation applies only as of the date and time of receipt of notice by the party notified;

      c.      The party who received the non-designated documents must return the documents to the producing party, and the producing party must provide the other party with another copy of the documents that bears the new and correct designation;

      d.      The party who received the non-designated documents must make a good faith effort to immediately retrieve any information disclosed to persons not authorized by this Protective Order to receive such information, and obtain an agreement from the persons to whom such disclosure was made to be bound by this Protective Order.

6.      Challenging a Confidential Designation, If a party believes that a document or other information which designated as Confidential Information should not have such designation, that party must notify the designating party of its disagreement and the basis therefore. Counsel for the

Parties shall then meet and confer within 14 days of such notice and endeavor to reach an agreement concerning the protected status of the document or information. If the Parties cannot resolve a challenge without court intervention, the party seeking to designate the information as confidential shall file a motion for designation with the Court. Until the Court resolves the motion, the document or information shall be treated as Confidential Information subject to this Stipulated Protective Order.

7.      Access to and Use of Confidential Information. A party receiving Confidential Information under this Stipulated Protective Order may use such information only in the prosecution, defense or attempted settlement of this litigation. A party receiving Confidential Information may only disclose such information to the following persons:

a.      The receiving party's attorneys of record, as well as the attorneys' support staff to whom disclosure is reasonably necessary for this litigation;

b.      The receiving party to whom disclosure is reasonably necessary for this litigation;

c,      Retained experts and consulting experts of the receiving party to whom disclosure is reasonably necessary for this litigation;

d.      The Court and its personnel;

e.      Court reporters and their staff and other professional vendors to whom disclosure is reasonably necessary for this litigation and whom have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

f.      Witnesses testifying in deposition to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

8.      Unauthorized Disclosure of Confidential Information. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately: (1) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated

1  Protective Order; and (d) request such person or persons to execute the "Acknowledgement and
2  Agreement to Be Bound." (Exhibit A.)

3  9.      Filing Confidential Information. The Parties agree to follow the procedure outlined in
4  Local Rule 141 for lodging and filing documents under seal with regard to any item containing
5  information designated as Confidential under this Stipulated Protective Order. The Parties agree
6  that an election not to seek an order placing specific documents under seal does not constitute a
7  waiver of this Stipulated Protective Order. Furthermore, any documents which the Court declines
8  to order sealed do not lose their status as Confidential Information under this Stipulated
9  Protective Order as a result thereof

10  10.     Return of Confidential Information. Within 60 days after the final disposition of this action
11  (including any appeal, writ, review or rehearing), the receiving party must return all Confidential
12  Information, including any copies, extracts, or any other format reproducing or capturing
13  Confidential Information, to the designating party. The receiving party must also submit a written
14  certification to the designating party by the 60-day deadline that (1) identifies by category all of
15  the Confidential Information that was returned and (2) affirms that the receiving party has not
16  retained any copies, abstracts, compilations, summaries or other format reproducing or capturing
17  any of the Confidential Information. Notwithstanding this provision, counsel for the Parties are
18  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing
19  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports,
20  attorney work product, and consultant and expert work product, even if such materials contain
21  Confidential Information. Any such archival copies that contain or constitute Confidential
22  Information shall remain subject to the confidentiality obligations of this Stipulated Protective
23  Order.

24  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

25

26  Date _____p. - 110\_____        _____
27                                  Jill P. Telfer
                                    Attorney for Plaintiff
28                                  **JAMES DENTON**

Date: December 10, 2020

_____

Marcus Lee
Mana Ettefagh
Attorney for Defendant
JENSEN PRECAST

## **ORDER**

The court has reviewed the parties' stipulated protective order, which comports with the relevant authorities and the court's applicable local rule.  See L.R. 141.1(c); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.")  Therefore, the court GRANTS the request subject to the following clarification.

This court's Local Rules indicate that once this action is closed, "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f).  Courts in the district generally do not agree to retain jurisdiction after closure of the case.  See, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017).  Based on this rationale, the court will not retain jurisdiction over this protective order once the action is closed.

Dated:  December 16, 2020

_____

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND</u>

3

_____ [print or type full name], of _____ _____ [print or

4

type full address], declare under penalty of perjury that I have read in its entirety

5

and understand the Stipulated Protective Order that was issued by the United States District

6

Court for the Eastern District of California on [date] in the case of James Denton v. Jensen

7

Enterprises, Inc., dba Jensen Precast, Case: 2:20-CV-01555-KJM-KJN. I agree to comply with

8

and to be bound by all the terms of this Stipulated Protective Order and I understand and

9

acknowledge that failure to so comply could expose me to sanctions and punishment in the

10

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

11

item that is subject to this Stipulated Protective Order to any person or entity except in strict

12

compliance with the provisions of this Order.

13

I further agree to submit to the jurisdiction of the United States District Court for the Eastern

14

District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

15

even if such enforcement proceedings occur after termination of this action. I hereby appoint

16

_____ [print or type full name] of

17

_____ [print or type full address and telephone number]

18

as my California agent for service of process in connection with this action or any proceedings

19

related to enforcement of this Stipulated Protective Order.

20

21

Date: _____

22

City and State where sworn and signed: _____

23

24

Printed name: _____

25

26

Signature: _____

27

28

8